**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0468n.06
Filed: June 29, 2007

No. 06-4079

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

BARBARA DAVISON, Administratrix of the )
Estate of Norman Davison; Individually and as )
next friend for Kelly Davison, Noelle Davison, and )
Brianna Davison; Personal Representative of the )
Next of Kin of Norman Davison, )
                                  )       ON APPEAL FROM THE UNITED
                                  )       STATES DISTRICT COURT FOR
         Plaintiff-Appellant, )       THE SOUTHERN DISTRICT OF
                                  )       OHIO
                v. )
                                  )
COLE SEWELL CORPORATION and PELLA )
CORPORATION, )
                                  )
         Defendants-Appellees. )
                                  )

_____

Before: MOORE and GRIFFIN, Circuit Judges; and McKINLEY, District Judge.[*]

GRIFFIN, Circuit Judge.

Plaintiff Barbara Davison, individually, and in her capacity as Administratrix of the estate

of decedent Norman Davison, and next friend of their children, appeals an order of the district court

granting defendants' motion for summary judgment. In its opinion and order, the district court held

that plaintiff had not submitted sufficient admissible evidence from which a reasonable juror could

find defendants negligent or that their alleged negligence was a proximate cause of Norman

_____

[*]The Honorable Joseph H. McKinley, Jr., United States District Judge for the Western District of Kentucky, sitting by designation.

Davison's personal injuries. Regarding the claim for wrongful death, the district court ruled that plaintiff's allegations and evidence failed to establish that Norman Davison's suicide was a foreseeable result of defendants' alleged negligence. Accordingly, the district court granted summary judgment in favor of defendants. Plaintiff has timely appealed.

For the reasons set forth below, we affirm.

I.

This case originated from Barbara Davison's July 2004 state court complaint in which she alleged that her husband, Norman Davison, while a patron at a Home Depot store,[1] sustained damages "when he was injured upon being struck in the head and neck by a metal bracket that was part of a display" that was allegedly constructed and maintained by defendants. As a result, Norman Davison allegedly suffered personal injuries and ultimately committed suicide. Davison's complaint set forth five counts against defendants Cole Sewell Corporation and Pella Corporation: failure to warn (Count One); failure to "notify" (Count Two); negligence (Count Three); loss of "support, society, and services" (Count Four); and wrongful death (Count Five).

Defendants removed the case to federal court based on diversity of citizenship. In October 2004, the district court set a case management schedule for the production of expert reports, expert witness discovery, and dispositive motions. Discovery was continued several times and lasted until August 28, 2005, when Richard Silverman, plaintiff's liability and causation expert, was deposed.

___

[1]The business invitor, the Home Depot store of Reynoldsburg, Ohio, is not a party to this action.

On January 6, 2006, defendants filed a motion for summary judgment. Defendants' motion sought the exclusion of Davison's expert witnesses, including Silverman. Defendants contended that Silverman could not "offer any opinion to a reasonable degree of engineering probability that links any alleged negligence on behalf" of defendants. Defendants cited Silverman's testimony in which he admitted that he had "absolutely no idea what caused" the accident and could point to sixteen possible causes. Finally, defendants relied upon *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), in requesting that the district court exercise its "gatekeeping function" to exclude Silverman's testimony. In her response to defendants' motion, plaintiff did not request a *Daubert* hearing or seek a Rule 56(f) continuance for additional time to provide "facts essential to justify" her opposition. FED. R. CIV. P. 56(f).

On July 28, 2006, the district court granted defendants' motion for summary judgment. First, the district court held that Davison's claims failed because "the record . . . contain[ed] no evidence that the alleged accident ever happened." Second, the district court held, "[e]ven assuming that an accident did occur," plaintiff's negligence claim failed because "Mr. Silverman's report and testimony are the only pieces of evidence submitted by Plaintiff that go to the issues of the condition of the store display and the cause of Mr. Davison's alleged head injury." Pursuant to *Daubert*, "Mr. Silverman's opinions are without foundation and are not stated with a sufficient degree of probability." Finally, the district court ruled that the testimony of plaintiff's psychological "expert" was inadmissible, and accordingly, "a reasonable juror could not find that Defendants' alleged

negligence proximately caused Mr. Davison to commit suicide."[2]  Thus, the district court granted

defendants' summary judgment motion.

This timely appeal followed.

II.

First, Davison argues that the district court erred in granting summary judgment on the basis

that plaintiff presented insufficient evidence that an accident occurred.  On this issue, Davison

asserts correctly that defendants' motion for summary judgment was not based on this ground.

We review de novo a district court's grant of summary judgment.  *May v. Franklin County

Comm'rs*, 437 F.3d 579, 583 (6th Cir. 2006).  "The district court, and this Court in its review of the

district court, must view the facts and any inferences reasonably drawn from them in the light most

favorable to the party against whom judgment was entered."  *Kalamazoo Acquisitions, L.L.C. v.

Westfield Ins. Co., Inc.*, 395 F.3d 338, 342 (6th Cir. 2005) (citing *Matsushita Elec. Indus. Co. v.

Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  Summary judgment is appropriate when "the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  Nevertheless, a mere scintilla

of evidence is insufficient; "there must be evidence on which the jury could reasonably find for the

[non-movant]."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  Entry of summary

---

[2]Plaintiff has not appealed the exclusion of the testimony of its psychological "expert" Dr.
Delphi M. Toth.

judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

At the outset of its opinion, the district court lamented:

> The record before the Court is scarce on facts. The only evidentiary materials on the record are the deposition and report of engineer Richard H. Silverman and the deposition of neuropsychologist Dr. Delphi M. Toth. To the extent that any documents were discovered, any affidavits given, or any depositions taken of the decedent, Barbara Davison, eyewitnesses to the incident, Home Depot employees, representatives of Defendants, or treating physicians, none of those materials have been submitted.

> The only description of record of the alleged incident is found in the complaint, which states that on "April 5, 2000, Decedent Norman Davison was a business invitee on the premises of a Home Depot retail store when he was injured upon being struck in the head and neck by a metal bracket that was part of a display" constructed and maintained by Defendants. Compl., ¶¶6-7.

> Plaintiff has not offered any direct evidence regarding Mr. Davison's alleged injury. Plaintiff has not submitted any diagnosis from a treating physician or any other medical records. Aside from the testimony of Plaintiff's non-treating neuropsychologist, there is no evidence about the nature, type, extent, or seriousness of the injury.

Although this synopsis is correct, we conclude that it was error for the district court to base its ruling on the lack of evidentiary support for the claimed accident. Although "district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*," this is only "so long as the losing party *was on notice that she had to come forward with all of her evidence*." *Employers Ins. of Wausau v. Petroleum Specialities, Inc.*, 69 F.3d 98, 105 (6th Cir. 1995) (quoting

*Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)) (internal quotation marks omitted). Sua sponte grants of summary judgment are generally disfavored. *Wausau*, 69 F.3d at 105.

Here, we conclude that neither the court nor defendants' motion for summary judgment provided sufficient notice to plaintiff that the factual basis for her claim of an accident was challenged.

III.

Nonetheless, we affirm the judgment of the district court based on its alternative ruling that plaintiff failed to present sufficient evidence to create a genuine issue of material fact that defendants were negligent or that their alleged negligence was a proximate cause of the accident. On this issue, plaintiff contends that the district court abused its discretion by excluding the testimony of her expert, Richard Silverman. We disagree.

This court reviews the exclusion of expert testimony for an abuse of discretion, even if the ruling results in the entry of summary judgment for the opposing party. *Meridia Prods. Liab. Litig. v. Abbott Lab.* 447 F.3d 861, 868 (6th Cir. 2006) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152-53 (1999); *Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244, 248 (6th Cir. 2001)). Pursuant to the Supreme Court's instruction in *Daubert*, 509 U.S. at 589, district courts perform a "gatekeeper" function, ensuring that "any and all scientific testimony or evidence admitted is not only relevant, but reliable." The *Daubert* Court proceeded to identify a non-exhaustive list of factors that assist the district courts, including whether a theory has gained general acceptance by the scientific community and whether an expert's conclusion follows from its premise. *Id.* at 589-93;

*Meridia Prods.*, 447 F.3d at 868 (citing *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997); FED. R. EVID. 702 (Advisory Committee Notes)).  It is broadly accepted that the district court "ha[s] 'considerable leeway' in making these sorts of determinations." *Id.* (citing *Kumho Tire Co.*, 526 U.S. at 152).  In reviewing a *Daubert* ruling, "we must review the record to determine whether the district court erred in its assessment of the relevance and reliability of the expert testimony." *Greenwell v. Boatwright*, 184 F.3d 492, 498 (6th Cir. 1999).

Here, in addressing Silverman's testimony, the district court thoroughly analyzed the proffered testimony as follows:

> In support of [Davison's negligence claims], Plaintiff has submitted an expert report from engineer Richard H. Silverman.  Mr. Silverman believes that the accident "was caused by some sort of failure of a part of the display structure."  Silverman Report, p. 1.  The report lists sixteen possible causes for the alleged accident, such as "insufficient screws," misaligned hinges, and insufficient inspection.  *Id.*, p. 2.  According to the report, "[i]t is impossible to establish the specific cause for this failure" because the display was dismantled right after the accident occurred.  *Id.*, p. 1.  Mr. Silverman testified at deposition that he had "absolutely no idea what caused this [accident]."  Aug. 28, 2005 Dep. of Richard H. Silverman, p. 91.  Mr. Silverman concludes in his report that Defendants were "totally responsible" for the accident. Silverman Report, p. 2.
>
> . . . .
>
> Mr. Silverman's opinions are without foundation and they fail to specify the cause of Mr. Davison's alleged head injury with a sufficient degree of probability.
>
> . . . .
>
> At deposition, Mr. Silverman was asked about the materials he brought with him in a folder.  The folder contained the depositions of Mr. Davison and Ms. Davison, a report from Defendants' expert, a Home Depot accident report, and depositions of several persons whose names are unfamiliar to the Court.  *See* Silverman Dep., pp. 7-8.  None of these materials are on the record.  Though having all of those materials, Mr. Silverman mentioned just four items on which he based his report:  (1)

photographs of the display in the Reynoldsburg, Ohio store [the alleged site of the accident]; (2) visits he made to a Home Depot store in Boston, Massachusetts to look at a display in that store; (3) Ms. Davison's deposition testimony that a screw that "might have been there [in the display]" was missing; and (4) Internet research about screws. *Id.*, pp. 61, 62, 69.

These items do not form a reliable foundation. Most problematic is Mr. Silverman's visit to a Home Depot store in Boston. There is no evidence establishing that the display Mr. Silverman viewed in Boston was the same as the one in Reynoldsburg where Mr. Davison was allegedly injured. Mr. Silverman never went to the Reynoldsburg store, *see* Silverman Dep., p. 99, and he admitted that the photographs he viewed of the Reynoldsburg store were of such poor quality that they were "impossible to follow." *Id.*, p. 62. Mr. Silverman stated the display he saw in the Boston store "could have been similar" to the one in the photographs. *Id.* The Court finds that Mr. Silverman lacked a reliable foundation upon which to state his opinion on the condition of the Reynoldsburg store display and on the cause of the alleged accident to Mr. Davison. *See Daubert*, 509 U.S. at 590, 113 S. Ct. at 2795 (expert testimony may not be based on speculation); *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 801 (6th Cir. 2000) ("An expert's opinion, where based on assumed facts, must find some support for those assumptions in the record."); *Shaw v. Strackhouse*, 920 F.2d 1135, 1142 (3d Cir. 1990) (expert opinion that assumes facts not supported by the record should be disregarded).

Mr. Silverman's opinions are also legally insufficient because he failed to identify the cause of the alleged injury with a sufficient degree of certainty. Plaintiff has attempted to establish causation through expert opinion. Expert testimony may be used to establish proximate cause when a case involves "complex issues outside the area of common knowledge, such as an injury's cause and effect." *Laderer v. St. Rita's Med.*, 122 Ohio App. 3d 587, 598, 702 N.E.2d 476, 483 (Ohio Ct. App. 1997) . . . . An expert attempting to establish proximate cause must state his opinion in terms of probability. *Shumaker v. Oliver B. Cannon & Sons, Inc.*, 28 Ohio St. 3d 367, 369, 504 N.E.2d 44, 46 (Ohio 1986). "Opinions stated with a lesser degree of certainty must be excluded as speculative." *Id.* Probability means more than a 50 percent likelihood, and proof of the possibility of a causal connection is insufficient. *Id.* at 369, n.3; *Stinson v. England*, 69 Ohio St. 3d 451, 455, 633 N.E.2d 532, 537 (Ohio 1994) ("[A]n event is probable if there is a greater than fifty percent likelihood that it produced the occurrence at issue.").

Mr. Silverman was only able to identify possible causes of the alleged accident. The report said that there was "some sort of failure" with the display, but it was

"impossible to establish the specific cause." Silverman Report, p. 1. Mr. Silverman testified that "we cannot identify specific cause or causes for the incident" and that "there could be other possible causes" than the sixteen he listed. Silverman Dep., pp. 87, 90. He then conceded, "We have absolutely no idea what caused this." *Id.*, p. 91.

Though proximate cause is usually a question of fact for the jury, *see Uddin v. Embassy Suites Hotel*, 165 Ohio App. 3d 699, 712, 848 N.E.2d 519, 529 (Ohio Ct. App. 2005), speculation and conjecture are insufficient as a matter of law to establish proximate cause. . . . Here, Mr. Silverman's opinions fall woefully short of identifying the cause of Mr. Davison's alleged injury with a sufficient degree of probability and, therefore, must be excluded from consideration.

The crux of Davison's appeal regarding the legal sufficiency of Silverman's testimony is that the district court erred in excluding Silverman's testimony with respect to the issues of negligence and proximate cause because all of the sixteen identified potential causes of the accident that Silverman cited were a result of defendants' alleged negligence. This argument is unpersuasive. We agree with the analysis and conclusion of the district court that Silverman's hypothesis was not supported by an adequate factual foundation, but rather was based solely upon conjecture and speculation. For this reason, we conclude the *Daubert* ruling of the district court excluding Silverman's testimony was not an abuse of discretion.

Accordingly, we affirm the judgment of the district court on the alternative ground that in response to defendants' motion for summary judgment, plaintiff failed to submit sufficient admissible evidence in support of her allegations of negligence and proximate cause to create a genuine issue of material fact. FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322.

IV.

Case No. 06-4079
*Davison v. Cole Sewell Corp., et al.*

Finally, Davison contends that she is entitled to a rebuttable presumption of negligence under Ohio law because defendants allegedly "spoiled" the evidence. Specifically, Davison contends that "the storm door display was disassembled while in defendants' control, and sanctions may lie for spoliation of the evidence, including a rebuttable presumption of negligence imposed on the spoliator." Although defendants concede that Ohio recognizes a tort cause of action for spoliation of evidence, they argue that such a tort was not pleaded in plaintiff's complaint.[3] Rather, the first time that Davison mentioned the issue was in her response brief in opposition to defendant's motion for summary judgment. For these reasons, defendants urge this court to affirm the order of the district court.

Defendants are correct; Davison did not allege in her complaint a claim in tort for spoliation. Pursuant to Ohio law, a claim for interference or spoliation of evidence requires that a plaintiff must prove all of the following elements: "(1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts[.]" *Smith v. Howard Johnson Co., Inc.*, 615 N.E.2d 1037, 1038 (Ohio 1993). Generally, a plaintiff may not raise a claim for spoliation of evidence for the first time in opposition to a defendant's motion for summary judgment. *See Matyok*

---

[3]Defendants also note that, as Davison's expert admitted, non-party Home Depot actually dismantled the display, and there was no evidence proffered to suggest that defendants were responsible for the disassembly. Davison admits this in her response brief, but contends that it should not preclude defendants' liability because "defendants may be liable for the disassembly of the display under contract or agency principles."

- 10 -

Case No. 06-4079
*Davison v. Cole Sewell Corp., et al.*

*v. Moore*, 2000 WL 1232417, *2 (Ohio App. 6 Dist. Sept. 1, 2000). Thus, any claim in tort for spoliation must fail.

To the extent Davison claims that she is not advancing the aforementioned tort claim, but rather a "legal principle embodied in the maxim *omnia praesumuntur contra spoliatorem* (all things are presumed against a wrongdoer)," this too fails. Davison cites *Loukinas v. Roto-Rooter Servs. Co.*, 855 N.E.2d 1272, 1278 (Ohio App. 1 Dist. 2006), for the application of this principle under Ohio law.[4] In *Loukinas*, the trial court excluded expert testimony as a sanction for spoliation of evidence because it determined that the evidence had been intentionally altered or destroyed by a party or its expert before the defense had an opportunity to examine the evidence. *Id.* On appeal, the Ohio Court of Appeals concluded that the trial court did not err in this determination because "[i]f a threshold showing of spoliation is made, the burden then shifts to the proponent of the evidence to prove that the other side was not prejudiced by the alteration or destruction of the evidence." *Id.*

---

[4]This circuit has previously determined that, in diversity cases, "[t]he rules that apply to the spoiling of evidence and the range of appropriate sanctions are defined by state law." *Nationwide Mut. Fire Ins. Co. v. Ford Motor Co.*, 174 F.3d 801, 804 (6th Cir. 1999); *see also Beck v. Haik*, 377 F.3d 624, 641 (6th Cir. 2004). It appears that every other circuit to directly address this issue has concluded that, even in diversity cases, federal law applies to questions of spoliation of evidence and appropriate sanctions. *See, e.g., Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 943-44 (11th Cir. 2005), *cert. denied*, – U.S. –, 126 S. Ct. 2967 (2006); *Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 449-50 (4th Cir. 2004); *King v. Ill. Cent. R.R.*, 337 F.3d 550, 555-56 (5th Cir. 2003). We are, of course, currently bound by *Nationwide Mutual* and *Beck, see Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985); 6th CIR. R. 206(c) ("Reported panel opinions are binding on subsequent panels."), whether the rule set forth in those opinions is correct or not.

In the present case, this principle is inapplicable. Davison has made no allegations of intent that would support such sanction or presumption. Ohio courts have applied a general principle, analogous to Davison's "spoliation" arguments, that a "negative, or adverse, inference arises where a party who has control of the evidence in question fails, without satisfactory explanation, to provide the evidence." *Brokamp v. Mercy Hosp. Anderson*, 726 N.E.2d 594, 608 (Ohio App. 1 Dist. 1999). "For example, this concept applies where the party willfully suppresses evidence that, if produced, would explain that party's conduct." *Id.* Nevertheless, *Brokamp* qualifies the application of this presumption by stating that "Ohio courts normally would require a strong showing of malfeasance–or at least gross neglect–before approving such a charge." *Id.* at 608-09 (internal quotation marks and citation omitted). Again, Davison has not alleged, much less proffered evidence, that the display was intentionally or negligently disassembled, thereby spoiling necessary evidence and requiring a presumption of negligence. Simply put, no evidence was offered with respect to the display's disassembly. Davison admits that the first time she argued the application of this principle was in her response to her motion for summary judgment. Accordingly, neither a tort claim, nor a presumption of spoliation of evidence, is allowable under the circumstances.

V.

For the reasons stated above, the judgment of the district court is affirmed.