*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 08a0120p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

KENNETH RAY ADKINS,

*Plaintiff-Appellant,*

v.

BASIL WOLEVER,

*Defendant-Appellee.*

No. 07-1421

>

---

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 03-00797—Hugh W. Brenneman, Jr., Magistrate Judge.

Argued: February 6, 2008

Decided and Filed: March 21, 2008

Before: MARTIN and SUTTON, Circuit Judges; OBERDORFER, District Judge.[*]

---

## COUNSEL

**ARGUED:** Joseph M. Infante, WARNER, NORCROSS & JUDD LLP, Grand Rapids, Michigan, for Appellant. John L. Thurber, OFFICE OF THE ATTORNEY GENERAL, Lansing, Michigan, for Appellee. **ON BRIEF:** Joseph M. Infante, WARNER, NORCROSS & JUDD LLP, Grand Rapids, Michigan, for Appellant. John L. Thurber, OFFICE OF THE ATTORNEY GENERAL, Lansing, Michigan, for Appellee.

---

## OPINION

---

BOYCE F. MARTIN, JR., Circuit Judge. Kenneth Ray Adkins brought an action in federal court against Basil Wolever, a guard at the Ionia Maximum Correctional Facility in Ionia, Michigan. Adkins alleges that Wolever assaulted him in his cell and caused serious injuries. At trial, Adkins asked the district court for an instruction on the alleged spoliation of the film and photographic evidence of the alleged assault, which Adkins maintains was destroyed in contravention of prison policy. The district court denied the instruction, finding that Michigan law did not provide for a third-party spoliation sanction. Because the district court did not abuse its discretion under the present law of our Circuit, we AFFIRM the verdict, along with the hope that an en banc panel will

---

[*]The Honorable Louis F. Oberdorfer, Senior United States District Judge for the District of Columbia, sitting by designation.

1

change this law to recognize the power of the federal courts to order such sanctions in appropriate circumstances.

## I.

On November 26, 2002, Kenneth Ray Adkins was a prisoner at Ionia Maximum Correctional Facility. On the day of the alleged assault, prison staff conducted a "shakedown" of Adkins's unit, during which they removed prisoners from their cells and searched each of the cells in the unit for contraband. In Adkins's unit, corrections officers escorted prisoners to and from their cells in handcuffs and leg irons. At approximately 1:40 that afternoon, two guards, Basil Wolever and James Canfield, escorted Adkins back to his cell after the shakedown. Adkins claims that Wolever violently pulled his hands through the rectangular food slot in the cell door prior to removing his handcuffs. Wolever maintains that he used only enough force to keep Adkins from pulling the restraints inside the cell and possibly using them as a weapon. Adkins claims that his resulting injuries were so severe that he was forced to break the sprinkler head in his cell in order to receive medical attention. He also claims that his injuries resulted from the force used by Wolever, not from Adkins's own destruction of the sprinkler. Adkins was sent to a hospital outside the prison for his injuries, which included cuts on his arms and some impaired finger movement.

Adkins complained about the incident to prison officials, who conducted an internal investigation. After viewing a video tape of the incident, prison inspector Matthew Macauley concluded that Adkins's assault claims could not be substantiated, noting that the tape was "inconclusive" because two of the officers "partially block[ed]" the camera's view of the cell. Joint App'x at 68.

Adkins then filed a lawsuit against Wolever for using excessive force and violating his rights under the Eighth Amendment pursuant to 42 U.S.C. § 1983. Adkins requested the video tape of the incident, along with color photographs of his injuries and video tapes of post-incident staff interviews on file with the prison. Wolever failed to produce the evidence, and as we now know, all such evidence is no longer available and may have been destroyed.[1]

During Wolever's trial, Adkins submitted a motion for a jury instruction for an adverse inference against Wolever due to the spoliated evidence. The district court applied Michigan law and denied the motion, finding that "while [prison employees] may have failed to preserve the videotapes or photographs under their control, the court has no basis to sanction defendant for the actions of these non-parties." Joint App'x at 79. Adkins appeals the denial of the instruction.

## II.

We review a jury instruction *de novo* to determine whether it was a correct interpretation of the relevant law. *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 822 (6th Cir. 2000). We review for abuse of discretion a district court's refusal to impose sanctions on a party for failure to cooperate during discovery. *See, e.g.*, *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995).

Under the law as it currently stands in our Court, we cannot say that the district court abused its discretion in failing to provide relief for third-party spoliation of evidence. At present, the rules that apply to spoliation of evidence require the application of state law in federal question cases such as this one. *See Beck v. Haik*, 377 F.3d 624, 641 (6th Cir. 2004); *Welsh v. United States*, 844 F.2d 1239, 1245 (6th Cir. 1988). We are bound by these decisions, correct or not. *See Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985); 6th CIR. R. 206(c) ("Reported panel opinions are binding on subsequent panels."). The decisions are not without contrary precedent, however. *See Biel v. Lakewood Engineering and Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994). In

---

[1] Black-and-white photocopies of the original photographs were made available for the trial.

*Biel*, we stated that although evidence destroyed during the course of a lawsuit in our Court is subject to Federal Rule 37 sanctions, the availability of sanctions for pre-litigation destruction "must be found in the substantive law of the case." *Id.* Because the conduct for which Adkins seeks sanctions arose before litigation, and because Adkins's lawsuit arises under 42 U.S.C. § 1983, federal law arguably could apply. Indeed, every other circuit to directly address the issue of spoliation of evidence and appropriate sanctions applies federal law, and does so even in diversity cases. *See Davison v. Cole Sewell Corp.*, 231 Fed. App'x 444, 452 n.4 (6th Cir. June 29, 2007).

Applying federal law in this evidentiary realm makes good sense. Federal courts generally apply their own evidentiary rules in both diversity and federal question matters, and therefore federal law should govern whether a district court abused its discretion in declining to apply spoliation sanctions. *See King v. Ill. Central R.R.*, 337 F.3d 550, 556 (5th Cir. 2003); *Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 449-50 (4th Cir. 2004). Quite simply, imposition of sanctions for spoliation is an inherent power of federal courts, and therefore the decision to impose them should be governed by federal law.

## III.

Turning to Michigan law, the district court did not err in its finding that Michigan does not allow sanctions for third-party spoliation. Under Michigan law, the courts have the power to sanction only when parties to the litigation destroy evidence. *See MacSteel, Inc. v. Eramet N. Am.*, 2006 U.S. Dist. LEXIS 83338, at *3 (E.D. Mich. 2006) ("MacSteel has not cited any case holding that spoliation sanctions are appropriate where the evidence destroyed was in the custody or control of a third party."). At present, the tort of spoliation is also not available in Michigan. *See Gill v. Locricchio*, 2006 U.S. Dist. LEXIS 19722 , at *13-14 (E.D. Mich 2006); *Panich v. Iron Wood Prod. Corp.*, 445 N.W.2d 795, 798 (Mich. 1989). Nevertheless, Michigan courts have never categorically denied the existence of such a claim. *See Swekel v. City of River Rouge*, 119 F.3d 1259, 1265 n.1 (6th Cir. 1997) (Merritt, J., concurring) ("there is no suggestion that Michigan would not provide a remedy in tort for [interference with or destruction of evidence].");  *Wilson v. Sinai Grace Hosp.*, 2004 Mich. App. LEXIS 1099, at *14 (Mich. Ct. App. 2004) ("Michigan has never explicitly refused to consider spoliation of evidence as an actionable tort claim if the right facts were present."). For the time being, at least, Michigan provides no relief to plaintiffs in Adkins's situation.

## IV.

The district court did not abuse its discretion in refusing to consider a third-party spoliation instruction under the law of Michigan. We therefore AFFIRM its decision. We encourage the other members of our Court, however, to revisit the issue en banc and affirm the power of the federal courts to order spoliation sanctions under federal law where appropriate.