**Tara WOLF, Plaintiff**

v.

**ANTONIO SOFO & SONS IMPORTING CO., Defendant.**

**Case No. 3:09CV02744.**

United States District Court, N.D. Ohio, Western Division.

Aug. 9, 2012.

---

John A. Coble, Albrechta & Coble, Toledo, OH, Joseph F. Albrechta, Albrechta & Coble, Fremont, OH, for Plaintiff.

Christopher E. Hohenberger, Zachary M. Clark, Niehaus & Associates, Kimberly A. Conklin, Kerger & Hartman, Toledo, OH, for Defendant.

## ORDER

JAMES G. CARR, Senior District Judge.

This is a dispute over the admissibility of expert testimony in a case alleging sex

discrimination based on pregnancy. The witness, Juelene Beck, has twenty-nine years' management experience in the food service industry. Plaintiff Tara Wolf seeks to use Beck's deposed testimony against defendant Antonio Sofo & Sons Importing Co. (Sofo), a food distributor, to prove both that defendant discriminated against her and that defendant's rationale for its adverse employment action (plaintiff's allegedly lackluster sales figures) was unsupported by evidence.

Jurisdiction is proper under 28 U.S.C. § 1343 and 42 U.S.C. § 2000e.

Pending is defendant's renewed motion to strike the affidavit of Juelene Beck. [Doc. 60]. For the following reasons, I grant their motion as to Beck's discrimination-related testimony but deny the motion as to Beck's testimony on defendant's sales figures.

## Background

Plaintiff, a former outside account manager for defendant, alleges that defendant unlawfully discriminated against her while pregnant by firing her for allegedly poor sales performance.

In addition to her long food service experience, Beck holds a Bachelor of Arts in Chemistry, a Masters in Food Science and has taken relevant Masters-level courses in Economics and Finance. Her training in terms of sexual harassment consists of a one-week course in 1991, when she was employed by Burger King in a management position, about sexual harassment prevention and nondiscrimination. Beck has never provided an opinion in a sexual harassment case, and the primary basis for her expertise is that she has "been held accountable for sexual harassment opinions all of [her] life in the corporations that [she has] worked for." [Id., at 19, lines 14–17].

The Beck testimony plaintiff seeks to use consists of two contentions: first, that the sex discrimination alleged actually occurred based on defendant's treatment of plaintiff; second, that plaintiff's sales performance as compared to the performance of similarly situated males did not support defendant's adverse employment action, regardless of whether the rationale for the action was discriminatory.

## Standard of Review

Federal Rule of Evidence 702 states that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

■ To admit an expert witness, I must determine whether that witness's testimony "both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). I must also determine "whether the reasoning or methodology underlying the testimony is scientifically valid and ... whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* at 592–94, 113 S.Ct. 2786. "*Daubert* emphasized a 'flexible' approach under which courts would consider, in addition to (1) general acceptance, factors such as (2) whether the theory had been tested, (3) whether it had been subjected to peer review and publication, and (4) the known error rate of the theory." *E.E.O.C. v. Freemen*, 626 F.Supp.2d 811, 823 (M.D.Tenn.2009) (citing *Daubert*, 509 U.S. at 592–95, 113 S.Ct. 2786).

■ The *Daubert* factors are neither exhaustive nor individually binding. *Freemen*, 626 F.Supp.2d at 823 (citing *Davison v. Cole Sewell Corp.*, 231 Fed.Appx. 444,

448 (6th Cir.2007); *Mike's Train House, Inc. v. Lionel, L.L.C.,* 472 F.3d 398, 407 (6th Cir.2006)). I have "considerable discretion" in determining the reliability of expert witnesses. *Freemen,* 626 F.Supp.2d at 823 (citing *Davison,* 231 Fed. Appx. at 448).

## Discussion

Defendant argues that Beck's expert testimony is inadmissible both as to her opinion on whether the discrimination occurred and as to her analysis of plaintiff's sales figures. Plaintiff argues that because Beck is an expert on the industry at question, she is an expert on all issues arising out of that industry, including both sexual discrimination and analyzing sales figures.

Defendant separates Beck's testimony while plaintiff combines it into a whole; I believe that defendant's approach is more appropriate. I first address whether Beck's testimony on the ultimate issue of sex discrimination is admissible, and then examine Beck's testimony on sales figures.

### A. Beck's Testimony On Sex Discrimination

■ Plaintiff's argument for the admissibility of Beck's testimony on sex discrimination is that, as a long-time manager of food service companies who dealt with sexual harassment issues, she has highly specialized knowledge of sex discrimination in the food service industry that meets the *Daubert* test.

Defendant argues that similar cases contradict plaintiff's contention, and that courts are reluctant to allow expert testimony on the ultimate issue of discrimination.

As defendant points out (and plaintiff does not rebut), courts consistently exclude the testimony of expert witnesses concerning the existence of discrimination, preferring to leave the issue for the jury. *See, e.g., Brink v. Union Carbide Corp.,* 41 F.Supp.2d 402, 405 (S.D.N.Y.1997) (excluding an expert witness' affidavit on the existence of age discrimination because "a lay jury is capable of understanding the facts and issues here without the aid of an expert"). Additionally, courts will strike the opinions of experts—even those with specialized degrees giving them expertise in the psychology or sociology of discrimination—when the experts are merely applying general knowledge to events and expressing thoughts more akin to general beliefs or opinions than analysis based on a reliable methodology. *See, e.g., Chadwick v. WellPoint, Inc.,* 561 F.3d 38, 48 (1st Cir.2009) (holding that generalized expertise was insufficient to provide admissible expert testimony about specific instances of discrimination); *Tuli v. Brigham & Women's Hosp., Inc.,* 592 F.Supp.2d 208 (D.Mass.2009) (excluding the expert testimony of a physician whose opinion that discrimination occurred was little more than an opinionated general belief about the discrimination's existence).

Beck's primary experience with sex discrimination does not even rise to the level of a psychologist who has studied patterns or indicia of discrimination. Her background is in ensuring that companies avoid discriminatory behavior altogether, not in identifying the behavior after it has occurred—particularly when the discrimination is, as in this case, an allegedly pretextual employment action. Rule 702 requires "scientific, technical, or other specialized knowledge" to serve as the basis of expert testimony. Beck has not demonstrated any particular knowledge relevant to proving the existence of discrimination that would fit this requirement.

Plaintiff asks me to transfer specialized knowledge of discrimination prevention to

discrimination diagnosis. This, I will not do.

I will exclude Beck's testimony on the existence of sex discrimination with regard to defendant's actions.

### B. Beck's Testimony On Sales Figures

 Defendant argues that Beck's opinions on sales figures are also inadmissible because her experience in large corporations cannot scale down to defendant's much smaller operation. Should I find Beck's opinions admissible, defendant argues they are not reliable because Beck's analysis was insufficiently independent, the data having been compiled by one of plaintiff's attorney's legal assistants.

I disagree. Beck has extensive experience analyzing sales and distribution patterns of food service companies. Defendant's argument goes to the scale of operation Beck is used to analyzing, not the nature of what she is analyzing. The sales figures are of a type and kind Beck has nearly three decades' experience with, and her expertise will aid the jury in understanding the information involved and determining whether defendant treated plaintiff differently based on her performance or her gender as compared to similarly situated males.

That Beck only reviewed part of the data rather than all goes to weight rather than admissibility. Defendant does not argue that the data Beck used was not accurate, merely that it is an incomplete analysis. She worked closely with plaintiff's counsel in reviewing the data, and so presumably had some fair measure of input into the creation of the charts and figures that serves as the basis of her analysis. Should defendant have different data or more data, they are free to present it in opposition to Beck's testimony. If that data contradicts Beck's testimony, then Beck's testimony will receive less weight than it otherwise might.

I will admit Beck's testimony regarding relevant sales figures.

### Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT: defendant's renewed motion to strike the affidavit of Juelene Beck [Doc. 60] be, and the same hereby is granted with regard to Beck's testimony on the existence of sex discrimination and denied with regard to Beck's testimony on sales figures.

So ordered.