*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 09a0038p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

—————————

KENNETH RAY ADKINS,

*Plaintiff-Appellant,*

v.

BASIL WOLEVER,

*Defendant-Appellee.*

No. 07-1421

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 03-00797—Hugh W. Brenneman, Jr., Magistrate Judge.

Argued:  December 10, 2008

Decided and Filed:  February 4, 2009

Before:  BOGGS, Chief Judge; MARTIN, BATCHELDER, DAUGHTREY, MOORE,
COLE, CLAY, GILMAN, GIBBONS, ROGERS, SUTTON, COOK, McKEAGUE,
GRIFFIN, KETHLEDGE, and WHITE, Circuit Judges.

—————————

**COUNSEL**

**ARGUED:**  Joseph M. Infante, WARNER, NORCROSS & JUDD LLP, Grand Rapids,
Michigan, for Appellant.   Kevin R. Himebaugh, OFFICE OF THE ATTORNEY
GENERAL, Lansing, Michigan, for Appellee. **ON BRIEF:** Joseph M. Infante, WARNER,
NORCROSS & JUDD LLP, Grand Rapids, Michigan, for Appellant.  John L. Thurber,
OFFICE OF THE ATTORNEY GENERAL, Lansing, Michigan, for Appellee.

—————————

**OPINION**

—————————

BOYCE F. MARTIN, JR., Circuit Judge.  We reheard this case en banc to resolve
a choice-of-law question: Does state law control a federal court's imposition of sanctions as
relief for spoliated evidence?  The original panel, constrained by our earlier opinions that
applied state law to determine whether spoliation sanctions were available, (*see, e.g., Beck
v. Haik*, 377 F.3d 624, 641 (6th Cir. 2004); *Nationwide Mut. Fire Ins. Co. v. Ford Motor
Co.*, 174 F.3d 801, 804 (6th Cir. 1999); *Welsh v. United States*, 844 F.2d 1239, 1245 (6th
Cir. 1988)), affirmed the district court's denial of sanctions because applicable state law did
not provide for sanctions based on third-party spoliation.  *Adkins v. Wolever*, 520 F.3d 585,
587 (6th Cir. 2008) (citing *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th

1

Cir. 1985)). We granted rehearing en banc to bring our case law in line with other courts of appeals. We now recognize—as does every other federal court of appeals to have addressed the question—that a federal court's inherent powers include broad discretion to craft proper sanctions for spoliated evidence.

To the extent that our earlier opinions held otherwise, we overrule them. Accordingly, we VACATE the judgment of the district court and REMAND for consideration of what, if any, spoliation sanctions are appropriate in this case. If the district court determines that sanctions are warranted under federal law, it must also decide whether the earlier denial of spoliation sanctions is ground for granting Adkins a new trial or was instead harmless error. *See* FED. R. CIV. P. 61.

I.

Kenneth Ray Adkins, a state prisoner in Michigan, sued corrections officer Basil Wolever in federal court under 42 U.S.C. § 1983, alleging that Wolever assaulted Adkins in his cell by yanking his hands through a slot in the cell door before removing his handcuffs. Before Adkins filed his lawsuit, an inspector at the prison reviewed color Polaroid photographs of Adkins's injuries and stationary video footage of the area where the alleged assault occurred. During discovery, Adkins asked Wolever to produce any photographs and video footage related to the assault. Prison officials could not locate this video footage or the color photographs, which had been lost or destroyed. Because Wolever produced only black and white copies of the original photographs and did not produce the video footage, Adkins asked the trial court to instruct the jury that it could presume that the missing video and color photographic evidence would be favorable to Adkins. The district court applied state law and denied the request because Michigan's spoliation instruction required Adkins to demonstrate that the spoliated evidence was under Wolever's control, which it undisputedly was not. The original panel affirmed that ruling. *Adkins*, 520 F.3d at 587 (citing *Beck*, 377 F.3d at 641).

II.

Our circuit's application of state law to spoliation sanctions in federal question cases finds its origins in *Welsh v. United States*, 844 F.2d 1239, a Federal Tort Claims Act case. *Welsh* concerned whether the district court properly shifted the burden of proof based on the defendant's failure to preserve evidence. There, we observed, "[O]ur task, as in diversity, is to make our best prediction, even in the absence of direct state court precedent, of what the [state] Supreme Court would do if it were confronted with this question." *Id.* at 1245. Subsequent panels adopted the *Welsh* panel's assertion that state law applies to spoliation sanctions without discussion. *See, e.g., Shields v. Gov't Employees Hosp. Ass'n, Inc.*, 450 F.3d 643, 649 (6th Cir. 2006); *Nationwide*, 174 F.3d at 804.

In contrast to our persistent application of state law in this area, other circuits apply federal law for spoliation sanctions. *See, e.g., Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001); *Reilly v. Natwest Mkts. Group Inc.*, 181 F.3d 253, 267 (2d Cir. 1999); *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). We believe that this is the correct view for two reasons. First, the authority to impose sanctions for spoliated evidence arises not from substantive law but, rather, "from a court's inherent power to control the judicial process." *Silvestri*, 271 F.3d at 590 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46

(1991)).  Second, a spoliation ruling is evidentiary in nature and federal courts generally apply their own evidentiary rules in both federal question and diversity matters.  *King v. Ill. Cent. R.R.*, 337 F.3d 550, 556 (5th Cir. 2003).  These reasons persuade us now to acknowledge the district court's broad discretion in crafting a proper sanction for spoliation.

## III.

As our sister circuits have recognized, a proper spoliation sanction should serve both fairness and punitive functions.  *See Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995) (observing that a proper sanction will serve the "purpose[s] of leveling the evidentiary playing field and . . . sanctioning the improper conduct").  Because failures to produce relevant evidence fall "along a continuum of fault – ranging from innocence through the degrees of negligence to intentionality," *Welsh*, 844 F.2d at 1246, the severity of a sanction may, depending on the circumstances of the case, correspond to the party's fault.  Thus, a district court could impose many different kinds of sanctions for spoliated evidence, including dismissing a case, granting summary judgment, or instructing a jury that it may infer a fact based on lost or destroyed evidence.  *Vodusek*, 71 F.3d at 156.

Wolever urges us to hold that he should not be subject to spoliation sanctions because he did not control the evidence at issue.  And he might be right, if, as he suggests, the preservation of relevant evidence was entirely beyond his control.  But the fact-intensive inquiry into a party's degree of fault is for a district court.  *See Reilly*, 181 F.3d at 267 (explaining that the "remedial purpose" of sanctions is "best adjusted according to the facts and evidentiary posture of each case").  Thus, we leave to the district court the exercise of its broad discretion to decide if Wolever should be subject to any form of spoliation sanctions despite the fact that he was not the prison records custodian.

## IV.

We hold that it is within a district court's inherent power to exercise broad discretion in imposing sanctions based on spoliated evidence.  Accordingly, we REMAND this case for determination of whether sanctions for spoliation are appropriate and whether Adkins is entitled to a new trial because the denial of any such sanctions affected his substantial rights.