**Rocco FARELLA, Robert R. Reimertz Jr., Harold Fray, Desiree Lyons, Joseph Caivano, Vincent Balsamo, Fernando Camacho, and George Rodriguez, Plaintiffs–Appellants,**

**John P. McDermott, Consolidated Plaintiff,**

v.

**CITY OF NEW YORK, Defendant–Appellee.**

No. 07-4256-cv.

United States Court of Appeals, Second Circuit.

March 31, 2009.

Kevin T. Mulhearn, Orangeburg, NY, for Appellants.

Christopher J. Murdoch (Stephen J. McGrath and Alan Beckoff, on the brief), for Michael A. Cardozo, Corporation Counsel of the City of New York, for Appellee.

PRESENT: Hon. WILFRED FEINBERG, Hon. JON O. NEWMAN and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Plaintiffs, eight current and former New York City police officers and firefighters, appeal the dismissal of their complaint against the City of New York ("City") asserting federal and state causes of action arising out of plaintiffs' alleged exposure to high levels of lead emitted from the indoor firing range at the New York City Police Department's ("NYPD") 24th Precinct. We assume the parties' familiarity with the underlying facts and procedural history of the case, which we reference only as necessary to explain our decision.

Plaintiffs principally contend that the challenged dismissal was a product of the district court's erroneous January 24, 2007 denial of their motion for spoliation sanctions and related relief. "We review a district court's decision on a motion for discovery sanctions for abuse of discretion." *Residential Funding Corp. v. Degeorge Fin. Corp.*, 306 F.3d 99, 107 (2d

Cir.2002). " 'A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.' " *Id.* (quoting *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990)). We identify no such error in this case.

In their spoliation motion, plaintiffs sought a rebuttable presumption that would shift the burden of proof as to the degree of lead exposure at the 24th Precinct, citing the City's failure to produce more than a handful of documents relating to such exposure. Plaintiffs contended that the documents the City did produce, as well as deposition testimony from relevant City officials, indicated that additional documents existed that the City must have lost or destroyed. In denying the spoliation motion, the district court found that plaintiffs failed to establish that additional documents ever existed.

█ Having undertaken an independent review of the record—including, *inter alia,* Jeanine Prud'homme's deposition testimony; the January 1992 report, "Lead Exposure at New York City Police Department Firing Ranges"; and the June 1997 report, "29 C.F.R.1910.1025 OSHA Lead Standard: Written Compliance Program"—we are not convinced that this finding was clearly erroneous. To identify clear error, we must do more than entertain doubts about the district court's conclusions or hypothesize reasonable alternative findings; we must be "left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (internal quotation marks omitted). The evidence identified by plaintiffs does not leave us with such a conviction. While the noted evidence demonstrates that City officials believed that they had a statutory obligation to conduct more frequent lead exposure testing, it does not conclusively support a finding—necessary to sustain plaintiffs' spoliation motion—that even if such testing in fact took place, it was properly documented.

█ We likewise do not identify error in the district court's denial of plaintiffs' request to shift the burden of proof even absent a finding of spoliation. We note at the outset that the case on which plaintiffs principally rely in support of the proposition that we must apply state law on this issue has recently been overruled. *See* Appellants' Br. at xv, 27 (citing *Welsh v. United States,* 844 F.2d 1239 (6th Cir. 1988)); *Adkins v. Wolever,* 554 F.3d 650, 652 (6th Cir.2009) (overruling *Welsh* on this point and noting that "federal courts generally apply their own evidentiary rules in both federal question and diversity matters"). Thus, to the extent plaintiffs urge us to conclude that New York law permits or requires the burden-shifting they request, *see* Appellants' Br. at 28–30, that argument is inapposite. In any event, for substantially the reasons stated by the district court, we conclude that plaintiffs' proposed burden-shifting framework is not appropriate in this case. *See Farella v. City of New York,* Nos. 05 Civ. 5711, 8264, 2007 WL 193867, at *4 (S.D.N.Y. Jan.25, 2007) (distinguishing *Allen v. United States,* 588 F.Supp. 247 (D.Utah 1984), *rev'd on other grounds,* 816 F.2d 1417 (10th Cir.1987), and *Green v. McAllister Brothers, Inc.,* Nos. 02 Civ. 7588, 03 Civ. 1482, 2005 WL 742624 (S.D.N.Y. Mar.25, 2005)).

█ We note in closing that plaintiffs do not independently contest the district court's August 23, 2007 decision to dismiss their federal causes of action. We therefore deem any challenge to that decision to be waived. *See In re U.S. Wireless Data, Inc.,* 547 F.3d 484, 492 (2d Cir.2008).

We have considered plaintiffs' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.