NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0133n.06

Case No. 21-3795

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

<table>
<tr><td>JAHMIR CHRISTOPHER FRANK,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>GOOD SAMARITAN HOSPITAL OF CINCINNATI, OHIO; JOHN DOE, PHYSICIANS 1–5; JOHN DOE CORPORATIONS 1–5; JOHN DOE EMPLOYEES 1–5; JOHN DOE NURSES 1–10,<br><br>    Defendants-Appellees.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>FILED<br>Mar 15, 2023<br>DEBORAH S. HUNT, Clerk<br><br>ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO<br><br>OPINION</td></tr>
</table>

Before: MOORE, THAPAR, and NALBANDIAN, Circuit Judges.

THAPAR, Circuit Judge. Jahmir Frank sued Good Samaritan Hospital for medical malpractice. But because Good Samaritan's contractor destroyed his medical records, Frank's claim was arguably more difficult to prove. The district court denied Frank's motion for spoliation sanctions and granted summary judgment for Good Samaritan. We affirm.

I.

Jahmir Frank suffers from a permanent and debilitating brain injury. Believing that Good Samaritan caused his injury during his birth, Frank sued Good Samaritan for medical malpractice in state court. During litigation, Frank learned that Cintas—a Good Samaritan contractor—had

stored his birth records improperly and destroyed them prematurely, leaving only outdated and unreadable fetal monitoring strips.

Frank later voluntarily dismissed the state suit and filed this federal diversity action against Good Samaritan and several unnamed physicians and nurses, alleging medical malpractice, respondeat superior liability, and negligent destruction of medical records. The district court dismissed the negligence claim, since there's no tort for negligent destruction of medical records under Ohio law. *Frank v. Good Samaritan Hosp.*, No. 1:18-cv-00618 (MRB), 2019 WL 6698363 (S.D. Ohio Dec. 9, 2019). Frank appealed the dismissal under Federal Rule of Civil Procedure 54(b), and we affirmed because the "striking legal emptiness" of Frank's brief amounted to forfeiture. *Frank v. Good Samaritan Hosp.*, 843 F. App'x 781, 782 (6th Cir. 2021). In a separate order, we also sanctioned Frank's attorney for his grossly underdeveloped briefing, which "fell short of the obligations owed by a member of the bar." *Frank v. Good Samaritan Hosp.*, 848 F. App'x 191, 192 (6th Cir. 2021) (cleaned up).

Back in the district court, Frank moved for partial summary judgment on the issue of liability in the malpractice claim. He argued that summary judgment was appropriate "as a sanction for Defendants' negligent destruction of Plaintiff's birth records and failure to preserve access to fetal monitoring strips." R. 61, Pg. ID 962. The district court denied the motion, concluding Frank failed to show that such a radical sanction was warranted. *Frank v. Good Samaritan Hosp.*, No. 1:18-cv-00618 (MRB), 2020 WL 1703596 (S.D. Ohio Apr. 8, 2020). Ultimately, the district court granted summary judgment to Good Samaritan, determining that Frank's expert witnesses' opinions weren't adequately supported, and that without them, Frank couldn't support a malpractice claim. *Frank v. Good Samaritan Hosp.*, No. 1:18-cv-00618 (MRB), 2021 WL 4034173 (S.D. Ohio Sept. 3, 2021). Frank appealed, challenging both orders.

II.

A.

Frank first asks us to review the district court's denial of his motion for spoliation sanctions.[1]  We review for abuse of discretion.  *See Beaven v. U.S. Dep't of Just.*, 622 F.3d 540, 553 (6th Cir. 2010).

To establish spoliation, a party must prove:  (1) "the party having control over the evidence had an obligation to preserve it at the time it was destroyed"; (2) the party that destroyed the evidence acted with a "culpable state of mind"; and (3) the evidence was relevant to a claim or defense.  *Id.* (citation omitted).  The severity of spoliation sanctions varies widely, and district courts possess wide discretion to tailor the sanction based on the degree of culpability attributed to the culpable party.  *Adkins v. Wolever*, 554 F.3d 650, 652–53 (6th Cir. 2009) (en banc).  Exercising that discretion, courts typically impose harsh sanctions only on those with culpability greater than negligence.  *Stocker v. United States*, 705 F.3d 225, 236 (6th Cir. 2013).

Here, Frank requested only the "most severe sanction possible"—partial summary judgment.  *See Byrd v. Alpha Alliance Ins. Corp.*, 518 F. App'x 380, 385 (6th Cir. 2013).  But the district court concluded that the defendants didn't deserve such an extreme sanction even if Frank could prove spoliation.  *See Adkins*, 554 F.3d at 652.

The district court was correct.  First of all, Cintas—not Good Samaritan—destroyed Frank's medical records.  And the record indicated it did so as the result of improper storage, not malice.  What's more, the destruction occurred four years before Frank first requested his records

---

[1] Frank's motion for partial summary judgment also stated that it challenged Good Samaritan's failure to preserve access to his fetal monitoring strips.  The district court denied that part of his motion as well.  *Frank*, 2020 WL 1703596 at *5.  But Frank hasn't raised that issue here, so we decline to consider it.  *See Island Creek Coal Co. v. Wilkerson*, 910 F.3d 254, 256 (6th Cir. 2018).

and six years before he filed his first lawsuit. That timeline hardly suggests a coverup. After all, if Cintas didn't even know Frank was eventually going to sue, how could it have known what evidence he would need, let alone intentionally destroy it? *See Beaven*, 622 F.3d at 553.

In the face of these facts, Frank must show that (1) Good Samaritan should have prevented Cintas from destroying his records, and (2) Good Samaritan's failure to do so justifies the gravest of all sanctions, summary judgment. He hasn't come close to carrying that burden. Frank asserted that Good Samaritan recklessly failed to instruct Cintas properly. But Frank didn't develop any evidence of Good Samaritan's alleged recklessness before the district court, and, in turn, he couldn't cite any evidence to us. He could have, for instance, deposed Good Samaritan and Cintas workers to attempt to show Good Samaritan told Cintas to destroy the records or produced documents in which Good Samaritan instructed Cintas to store them improperly. He didn't. That left him with a bald assertion of recklessness, devoid of record support. So the district court correctly denied Frank's motion for this extremely harsh sanction.

Recognizing the radical nature of summary judgment as a sanction, prudent attorneys often request less harsh measures as alternatives. Frank's attorney didn't take that strategic step. On appeal, he claims that he requested "an adverse[-]inference jury instruction." Appellant Br. at 3. Frank's motion below didn't mention such an instruction, instead asking only "for partial summary judgment based upon an adverse inference concerning liability." R. 61, Pg. ID 965. Of course, a request for a jury instruction might have met the same fate as his motion for summary judgment since he failed to develop any evidence, other than the loss of records, supporting a sanction. *See Stocker*, 705 F.3d at 236. But, at the very least, he should have requested the full panoply of sanctions. He didn't. Combine that with his failure to develop the record, and the district court's conclusion looks obvious: there's no basis for sanctioning Good Samaritan.

In sum, the district court didn't abuse its discretion in denying Frank's motion for spoliation sanctions. Frank asked only for the most extreme spoliation sanction available, yet he didn't provide evidence of the level of culpability needed to justify it. And though he now tries to reconstrue his motion, he didn't request any more proportionate measures, even as alternatives.

B.

Frank also challenges the district court's grant of summary judgment for Good Samaritan. The district court concluded that Frank couldn't support his malpractice claim because he presented no competent and qualified experts. It noted that Ohio law requires a plaintiff to present expert medical testimony to establish the elements of a malpractice claim. *Bruni v. Tatsumi*, 346 N.E.2d 673, 676 (Ohio 1976). To be competent, an expert must, among other things, have an active medical practice or instruct in an accredited school. Ohio Evid. R. 601(B)(5)(b). And to be qualified, an expert must base his opinion on "reliable principles and methods." Fed. R. Evid. 702(c). But Frank only produced two experts. One did not have an active clinical practice or instruct in an accredited school, and thus, was not competent under Ohio law. *See* Ohio Evid. R. 601(B)(5); Fed. R. Evid. 601. The second based his opinion partly on speculation and partly on the first expert's opinion, which aren't "reliable principles and methods." Fed. R. Evid. 702(c). So neither of Frank's experts met the minimum requirements; thus, the district court properly excluded their testimony.

Without that testimony, Frank couldn't sustain a malpractice claim. He didn't present any other experts that could help prove his case, so the district court concluded that Good Samaritan was "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); R. 106, Pg. ID 1879.

On appeal, Frank could have challenged the district court's judgment by claiming it misstated or misapplied the law about either Ohio malpractice claims or expert competence and

qualification. He could have argued that the district court should have made an exception to the normal expert rule. Or he could have argued that despite the exclusion of the two experts, he could still have proven Ohio malpractice using other expert testimony. But he did none of those things, nor did he present any other argument that the district court erred. In fact, though his statement of issues says he challenges the summary-judgment order, neither his opening brief nor his reply brief ever mentions it again. That's true even though Good Samaritan's brief notes Frank's omission and presents a fourteen-page defense of the district court's order. To make matters worse, Frank's brief states that he is "without evidence to prove his [malpractice] claim[]," effectively conceding that summary judgment was proper. Appellant Br. at 30. As a result of the utter lack of argument about the summary-judgment order, Frank's briefing forfeits the issue. *See Island Creek Coal Co. v. Wilkerson*, 910 F.3d 254, 256 (6th Cir. 2018). For this reason, we affirm the district court's summary-judgment order.

\* \* \*

In our adversarial system, judges rely on the parties' attorneys to present evidence, develop the record, and make arguments in favor of their clients' positions. For all we know, it's possible that Frank's claims of medical malpractice and spoliation have some merit. And it's possible that—had Frank's attorney done more below and on appeal—he might have achieved a more favorable outcome for Frank. As it is, we're faced with a shocking lack of evidence, record development, and argument in favor of Frank's position. So like the district court, we don't have enough to say whether Frank's claims are meritorious. As a result, we affirm.